## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

| | | |
|---|---|---|
| STEPHANIE McCLELLAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:20-CV-06083-DGK |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Stephanie McClellan's application for supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including lower extremity residuals from a 2011 motor vehicle accident, including rod placement and knee reconstruction; status-post cervical spine fracture; osteoarthritis of the right hip; degenerative disc disease; neurocognitive disorder; depressive disorder; personality disorder; and hearing loss. The ALJ also found that Plaintiff retained the residual functional capacity ("RFC") to perform jobs which exist in significant numbers in the national economy.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her application for supplemental security income on May 29, 2018, alleging a disability-onset date of July 17, 2011. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing on August 9, 2019, and on October 1, 2019, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on April 6, 2020, leaving the ALJ's decision as the Commissioner's final decision. As Plaintiff has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 1382c(a)(3)(A). Plaintiff argues the ALJ erred at step four by crafting an RFC unsupported by substantial evidence.

RFC is defined as the most a claimant can still do despite her physical or mental limitations. *See* 20 C.F.R. § 416.945(a)(1). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005). Although an ALJ must rely upon "some medical evidence" to formulate a claimant's RFC, the phrase "some medical evidence" is not limited to a medical opinion. *See Anderson v. Shalala*, 51 F.3d 777, 779–80 (8th Cir. 1995); *see also Fields v. Astrue*, No. 2:11-CV-35-FRB, 2012 WL 6705863, at *13 (E.D. Mo. Dec. 26, 2012). The Eighth Circuit has held that an ALJ's RFC assessment was supported by substantial evidence even when there was no supporting medical opinion. *See Stallings v. Colvin*, No. 6:14-CV-03273-MDH, 2015 WL 1781407, at *3 (W.D. Mo. Apr. 20, 2015) ("Eighth Circuit case law reveals that an ALJ can appropriately determine a claimant's RFC without a specific medical opinion so long as there is sufficient

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 416.920(a)–(g). Through step four of the analysis the claimant bears the burden of showing she is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

medical evidence in the record."). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Buford v. Colvin*, 824 F.3d 793, 796 (8th Cir. 2016); *Mabry v. Colvin*, 815 F.3d 386, 390 (8th Cir. 2016).

Here, the ALJ determined that Plaintiff retained the following RFC:

[Plaintiff] is able to sit for 8 hours out of 8 hours; and she can stand and walk for 2 hours out of 8 hours. [Plaintiff] is able to lift, carry, push, or pull 10 pounds frequently and up to and including 20 pounds occasionally. [Plaintiff] should never climb ladders, ropes, of scaffolding. She can occasionally climb stairs or ramps; stoop; kneel; crouch; and crawl. [Plaintiff] can occasionally reach overhead with her bilateral upper extremities. [Plaintiff] must have a work environment with no more than a moderate noise level, as that term is defined in The Dictionary of Occupational Titles, such as an office. She should never be exposed to extreme cold or to hazards, such as dangerous machinery and unprotected heights.

[Plaintiff] must have duties that are simple, repetitive, and routine. These duties should be consistently the same with little or no change. [Plaintiff] should never have duties that require interaction with the public as a primary function. She can have up to occasional contact with co-workers and with supervisors. Her interaction with co-workers must be incidental in nature and not in a teamwork setting.

R. at 18, ECF No. 9-3.

Plaintiff first argues that the ALJ erred because she held that the opinion of Dr. Joseph Bleier, Ph.D. was "generally persuasive" yet did not adopt or explain why she declined to adopt Dr. Bleier's opinion, R. at 574, that Plaintiff "would require longer than normal time performing simple, repetitive tasks." Pl. Br. at 13–17.

Plaintiff's argument is unavailing. When considering the persuasiveness of a medical source's medical opinion, an ALJ is only required to consider the factors listed in 20 C.F.R. § 404.1520c(c), and is only required to articulate how she considered the opinion's supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). A determination that a medical source's medical opinion is generally persuasive does not obligate the ALJ to adopt that opinion in its entirety. *See*

20 C.F.R. §§ 404.1520c(a) ("[The Social Security Administration] will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) . . . ."); *see also Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004) (noting the ALJ "'is responsible for determining a claimant's RFC' . . . [based on] 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations,'" and therefore need not rely wholly on the evaluations of examining physicians) (quoting *Krogmeier v. Barnhart*, 294 F.3d 1019, 1023–24 (8th Cir. 2002)). Likewise, an ALJ is not required to explain why she did not adopt each limitation in a medical opinion that she finds generally persuasive. *See* 20 C.F.R. § 404.1520c(b)(1). Here, the ALJ fulfilled her requirement by finding Dr. Bleier's medical opinion generally persuasive based upon its supportability and general consistency with the record. R. at 23. She was not required to adopt Dr. Bleier's opinion that Plaintiff would require longer than normal time to perform simple, repetitive tasks.

Further, substantial evidence on the record as a whole supports the ALJ's decision. The ALJ relied on the opinion of state agency psychological consultant, Dr. J. Edd Bucklew, Ph.D. that Plaintiff "retains sufficient mental capacity to carry out two-step commands with adequate persistence and pace . . . ." R. at 22, 79. Further, Dr. Bleier's opinion itself notes that, during her psychiatric evaluation, Plaintiff had only moderate difficulty focusing, no difficulty counting backwards from twenty to zero, was able to slowly and accurately add serial threes, and was able to spell the word "world" backwards with moderate difficulty. R. at 573. Dr. Bleier's opinion also notes that claimant has a good ability to reason, basic understanding of monetary concepts, and a level of intellectual functioning in the average range. *Id.*

Plaintiff next argues the RFC is not supported by substantial evidence on the record as a whole because the ALJ found the opinion of, Robin Murphy, FNP, not generally persuasive. Pl. Br. at 17–22. Ms. Murphy opined that Plaintiff was limited to lifting no more than ten pounds occasionally, siting for less than two hours in an eight-hour workday, and standing or walking for less than two hours in an eight hour workday. R. at 1068. Further, Ms. Murphy opined that Plaintiff would need to take a fifteen-minute unscheduled break every hour, would be off task for twenty percent of the workday, and would require four days off per month. R. at 1069. The ALJ found Ms. Murphy's opinion unpersuasive because it was "presented in a 'check box' format with only minimal narrative explanation of the limitations assessed" and "is not generally supported by the record as a whole, because physical examinations during the period at issue do not show the level of dysfunction [Ms. Murphy] suggested." R. at 23. Defendant argues the ALJ "provided no explanation as to how she considered the consistency factor" as required by 20 C.F.R. § 404.1520c(b)(2), and that the ALJ's finding is not consistent with substantial evidence on the record as a whole. Pl. Br. at 17–22.

These arguments are also unavailing. 20 C.F.R. § 404.1520c requires an ALJ to consider and articulate the consistency of a medical source's medical opinion "with the evidence from other medical sources and nonmedical sources in the claim . . ." 20 C.F.R. § 404.1520c(c)(2) (defining the consistency factor); 20 C.F.R. § 404.1520c(b)(2) (requiring the ALJ articulate how she considered the consistency factor). By stating that Plaintiff's physical examinations "do not show the level of dysfunction [Ms. Murphy] suggested," the ALJ sufficiently considered and articulated the consistency of Ms. Murphy's medical opinion with other evidence in the record.

Further, substantial evidence on the record as a whole is inconsistent with Ms. Murphy's opinion. Plaintiff was injured in a motor vehicle accident on July 17, 2011, in which she received

severe fractures in her legs, including bilateral femoral fractures which required surgical repair, R. at 382–91, a revisionary surgery in November 2011, R. at 437, and surgery to remove screws from her right leg in December 2012, R. at 928–29. Since the accident, Plaintiff has complained to medical providers of chronic pain, *see* R. at 516, 750, 840. Likewise, at her consultative examination with Dr. Clayton Mowrer, D.O., on October 13, 2018, she also complained of constant pain in her hips, legs, and back between seven and eight on a ten-point scale. R. at 546. She also complained of "stiffness, decreased mobility, numbness, swelling, muscle cramps, muscle spasms, fatigue and weakness" at the consultative examination. *Id.* However, Dr. Mowrer noted that, Plaintiff had normal muscle strength and tone, no edema, no joint swelling, no erythema, no effusion, and no musculoskeletal deformity. R. at 548. Dr. Mowrer also noted that Plaintiff could squat and rise from a squatting position "with moderate difficulty," could "rise from a sitting position with no assistance, and had no difficulty getting up and down from the exam table." *Id.* Further, x-rays taken in November 2018 show that plaintiff had no acute fracture, no malalignment, no evidence of any complications from her prior surgeries, and minimal degenerative changes in her hips and lower thoracic spine. R. at 1013, 1021–23. In addition, an MRI taken on September 12, 2018 notes that Plaintiff had broad based disk bulging and mild facet degenerative changes at the L3-4 and L4-5 levels with mild or minimal spinal canal narrowing. R. at 543. Plaintiff had no disk extrusions or protrusions at her L5-S1 level and only mild facet degenerative changes. R. at 544.

Finally, Plaintiff argues that the ALJ failed to comply with the requirements of SSR 16-3p because she did not state why she found unpersuasive Plaintiff's allegations that 1) she can only stand for ten minutes at a time before having to elevate her legs, R. at 43, 2) can only sit for one hour before having to get up and move around, R. at 45, 3) can only lift up to five pounds, R. at

48, 4) that even on days of average pain, Plaintiff's pain forces her to lie down and rest, R. at 49, and 5) that she suffers from migraine headaches three times per week which last for one day and require her to go sit in a quiet dark room, R. at 43. Pl. Br. at 22–26.

SSR 16-3p states that an ALJ's RFC determination "must contain specific reasons for the weight given to the individual's [description of her physical impairments], be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's [description of her physical impairments]." SSR 16-3P, 2016 WL 1119029 at *9 (Mar. 16, 2016). The ALJ summarized Plaintiff's description of her physical impairments, and then concluded that "the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." R. at 19. In regards to Plaintiff's allegations of debilitating pain, inability to lift more than five pounds, and that she can only stand for ten minutes and sit for one hour, the ALJ noted the results of Plaintiff's October 13, 2018 consultative examination, in which she was able to squat and rise with moderate difficulty, could rise from a sitting position without assistance, had normal muscle bulk and tone, had no difficulty getting up and down from the exam table, and otherwise had no joint swelling, erythema, effusion, or deformity. R. at 20. In addition, the ALJ noted that x-rays taken in November 2018 showed no acute fracture or malalignment, no evidence of complications from previous surgeries, and only minimal bilateral degenerative changes in her hips and lower spine. *Id.* Regarding her migraine allegations, the ALJ noted that Plaintiff was oriented in all spheres during examinations in September and October 2018. R. at 21. Further, the ALJ noted that at Plaintiff's physical consultative examination in October 2018, Dr. Mowrer noted that Plaintiff had a normal mental status, made good eye contact, had good concentration, fluent speech, clear

8

thought processes, and was oriented in all spheres. R. at 21, 22. The ALJ also noted that in her consultative psychological evaluation in November 2018 Plaintiff made good eye contact, was oriented in all spheres, spoke clearly with a normal rate and tone, and had only minor issues maintaining attention. R. at 22. The ALJ also noted that at a follow up psychological evaluation in February 2019, that Plaintiff reported being able to clean house and care for her grandmother, that Plaintiff was in a good mood, made good eye contact, and had normal speech. *Id.* These are clearly articulated, specific reasons why the ALJ discounted Plaintiff's allegations, and they are supported by evidence in the record. R. at 548–49; 554–58; 945–56; 1013–14; 1021–24. As such, the ALJ complied with SSR 16-3P.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   September 15, 2021                             /s/ Greg Kays
                                                                          GREG KAYS, JUDGE
                                                                          UNITED STATES DISTRICT COURT

9